Smith v. Butler.

SAMUEL SMITH *and* ANDREW W. SMITH *v.* BENJAMIN F. BUTLER.

Actions to recover compensation for injuries done to personal property may
be maintained wherever jurisdiction of the parties can be obtained. In
such cases the venue is transitory. The ruling in *Molony* v. *Dows* (8 Abbott's
Pr. R., 316), distinguished from the present case.

APPEAL by the defendant from a judgment at Special Term
overruling a demurrer to the complaint.

The complaint alleged that the plaintiffs were copartners in
New Orleans on the 27th of May, 1862, and were then lawfully
carrying on their business, &c. That on that day, in the city
of New Orleans, the defendant, General Butler, unlawfully,
with force of arms, with a multitude of people, surrounded the
premises of the plaintiff, and took possession of their place of busi-
iness, and removed their property from said premises, and took
the same into his possession, and had converted a portion of the
funds of their firm. That thereby their business was broken up,
to their great loss and damage, &c.

The defendant demurred to the complaint on the ground
that the court had no jurisdiction of the subject of the action,
and that the complaint did not state facts sufficient to constitute
a cause of action.

The Court overruled the demurrer, and the defendant ap-
pealed.

*John K. Hackett,* for appellant.
*Stanley, Langdell and Brown,* for respondent.

BY THE COURT.—CARDOZO, J.—The question presented in this
case was carefully considered and the authorities reviewed by
Mr. Justice MONELL in the case of *McIvor* v. *McCabe,* (26
How. Pr. R., 257) and I concur with the views there expressed.
It may not however, be necessary on the present occasion,
to review or deny the doctrine of *Molony* v. *Dows* (8 Abbott's
Pr. R., 316), which was only a nisi prius case, but of course
entitled to great respect as the ruling of a very learned and
experienced Judge,—because that case concedes that several

cases in this country "*authorize the conclusion* that actions to recover compensation for injury done to personal property" (which is the present case), may be maintained wherever jurisdiction of the parties can be obtained. In other words, that in such cases the venue is transitory. This is unquestionably the rule. (1 Chitty's Pleadings, 243; Com. Dig. N., 12 and Trover, 7; *Glen* v. *Hodges*, 9 Johns., 67, 69; Smith on Actions at Law, 78. Kerr on Actions at Law, 206. See also *Harriott* v. *New Jersey Transportation Co.*, 2 Hilt., 262.)

The judgment should be affirmed with costs.

Judgment affirmed.