OSGOOD and CURTISS, Receivers, &c., *vs.* GEORGE E.
MAGUIRE.

In an action brought by the receivers of an insurance company, upon premium
notes, it is no defense that before the commencement of the action, but after
the company had ceased to have a corporate existence, the claim in suit had
been attached, in an action pending in the State of Massachusetts, where the
defendant resided, by a creditor of the insurance company, and that the plain-
tiffs had made themselves parties to that suit, which was still pending.
The pendency of an attachment suit in another State is no bar to the action
here; although a *judgment*, there, might be.

APPEAL by the defendant from a judgment entered
upon the verdict of a jury.

The action was brought upon two promissory notes
given by the defendant to the Columbian Insurance Com-
pany, of which the plaintiffs are receivers, as premiums
upon policies of insurance. An attachment was issued,
and the defendant appeared. The defense was: 1st. That
the receivers had not been properly appointed. 2d. That
when the note was given the Columbian Insurance Com-
pany was not solvent. 3d. That the defendant is a citizen
of Massachusetts, and on the 14th of August, 1866, an-
other citizen of that State commenced an action against
the Columbian Insurance Company in Massachusetts, in
which he garnisheed, or attached, the claim against the
defendant, and the receivers appeared as claimants in that
suit, and the suit is still pending and undetermined.

The Columbian Insurance Company went into the hands
of a receiver on the 22d of January, 1866, and the pres-
ent receivers are his successors.

On the trial, at the circuit, the defendant, at the close
of the testimony, moved to dismiss the complaint on the
ground that before the commencement of this action the
claim in suit had been attached in an action in the State of
Massachusetts, where the defendant resided, by a creditor
of the Columbian Insurance Company, and that the plain-
tiffs had made themselves parties to that suit. That the

proceeding in Massachusetts was a perfect defense to this action. Also that the plaintiffs had not made out a cause of action. The court denied the motion, and the defendant excepted.

The defendant requested the court to submit the question of fraud to the jury, which request the court denied, and the defendant excepted.

The court directed a verdict for the plaintiff, and directed and ordered all proceedings on the judgment entered therein to be stayed, without security, until the hearing and decision of the case at the general term.

The jury thereupon found a verdict for the plaintiffs for $802.58.

*Ira D. Warren*, for the appellant.

I. The plaintiffs are not receivers of the Columbian Insurance Company. They were never legally appointed such receivers. The court had no jurisdiction in the Harbeck suit to appoint receivers, and the whole proceeding was unauthorized and void.

II. Before the commencement of this action against the defendant, in this State, an action had been commenced in Massachusetts against the Columbian Insurance Company by one James Maguire, and process of attachment issued and served upon the defendant. The plaintiffs in this suit came in and made themselves parties to that proceeding, and judgment by default was taken against the defendant in this proceeding. In Massachusetts, therefore, this defendant, as garnishee, will be bound to pay this money over to one of the two parties thus contending for it. This process of foreign attachment, we insist, is a perfect defense to this action, and has been so adjudged, repeatedly in this State. (*Embree* v. *Hanna*, 5 *John.* 101. *Holmes* v. *Remsen*, 20 *id.* 229. *Donovan* v. *Hunt*, 7 *Abb.* 29. *Burrows* v. *Miller*, 5 *How.* 51. *Wheeler* v. *Raymond*, 8 *Cowen*, 311. *Drake on Attach.* § 462. *Story on Conflict of Laws*, § 399. *Cush. on*

*Trustee Process, p.* 71, *n. Ingham* v. *Geyer,* 13 *Mass.* 146.) In this State an attaching creditor can always hold against a receiver of another State. (*Hoyt* v. *Thompson,* 1 *Seld.* 351. *Willetts* v. *Waite,* 13 *How.* 34.) The receivers having made themselves parties to that proceeding, and thereby submitted themselves to the jurisdiction of the courts of that State, are bound by their action. (*Drake on Attach.* § 530. *Fish* v. *Weston,* 5 *Maine,* 410.) The plaintiffs cannot proceed against George E. Maguire when they are contesting the question in Massachusetts, whether the fund in Maguire's hands belongs to them or to James Maguire. If they could, then George E. Maguire, the garnishee, would be subject to three suits. (*Drake on Attach.* § 462.)

III. These notes appear, on their face, to be notes taken under article 3 of the Columbian Insurance Company's charter, and the plaintiffs cannot recover on them.

IV. The court erred in not submitting the question of fraud to the jury.

*Dudley Field,* for the respondents.

I. The first two questions raised by the answer, that the receivers were not properly appointed, and that the company was insolvent, have been so often passed upon in this State, and have been so frequently adjudicated in this district, in suits in which these present plaintiffs were plaintiffs, and the defendant was placed in precisely the same position as this defendant, (except in regard to the attachment,) that it is not necessary to make an argument, or to quote authorities on that subject. (*Osgood* v. *Stevens, decided at the general term, in this department, in December,* 1870.)

II. The Massachusetts attachment is no defense to this action. 1. The attachment or garnishee process was commenced in August, 1866, in a suit in which the Columbian Insurance Company was defendant. That company was

sued as a non-resident debtor corporation, and it had been dissolved by the judgment of the Supreme Court of New York, in February, 1866. Consequently it had no existence, and could no more be sued in the courts of Massachusetts than could a man who had died. (*Bangs* v. *Duckinfield*, 18 *N. Y.* 596. *Mann* v. *Pentz*, 3 *id.* 415. 2 *R. S.* 464, §§ 39 *to* 42. *Mumma* v. *Potomac Co.*, 8 *Pet.* 286. *Ward* v. *Sea Insurance Co.*, 7 *Paige*, 299.) 2. The fact that the receivers intervened, or attempted to intervene, is of no importance, since the courts of Massachusetts hold that foreign receivers have no rights in their courts as against domestic creditors. . (*Folger* v. *Columbian Ins. Co.*, 99 *Mass.* 267. *Taylor* v. *Same*, 14 *Allen*, 353.)

III. If, however, the receivers had a right to intervene, and thus become parties to the action, the answer and proof would merely amount to "another action pending" in another State, still undetermined, which has always been held here to be no bar to an action in our courts. A judgment is conclusive, but not the pendency of an action. (*Williams* v. *Ayrault*, 31 *Barb.* 364. *Cook* v. *Litchfield*, 5 *Sandf.* 330. *Walsh* v. *Durkin*, 12 *John.* 99. *Jackson* v. *Willson*, 9 *John.* 94.)

IV. The attachment alone is no defense. 1. The property attached is a debt due from the defendant to the Columbian Insurance Company. 2. That debt due was upon promissory notes, payable to a New York corporation. 3. These notes had been vested in the New York receivers (who acted in the interest of all creditors alike) long before the notes became payable, and the notes are now in their possession. 4. The courts of Massachusetts have decided that there is no comity that requires them to recognize the title of receivers appointed under our laws to recover moneys due to the company of which they are receivers in Massachusetts. Are our courts to decide that where jurisdiction is acquired here, by an attachment or

an appearance, against a defendant, we are to grant him a greater comity than the courts of Massachusetts grant to our own citizens, and thus permit the assets, largely consisting of promissory notes, payable by parties in the Eastern States, to be frittered away by payments in full to the eastern creditors, while our New York citizens get only the small per centage that may be derived from debts due in the State of New York? 5. In this State, also, it is the rule that foreign assignees in bankruptcy, or receivers, have no rights as against domestic creditors. Will not the reasoning under which the courts protect our own creditors apply with still more force to our own receivers, who are officers of the court, and peculiarly entitled to its protection, as well as the great body of our domestic creditors, who are represented by the receivers as trustees for them and the stockholders. (*Holmes* v. *Remsen*, 20 *John.* 229. *Abraham* v. *Plestoro*, 3 *Wend.* 540. *President &c.* v. *Thorp*, 6 *Conn.* 46. *Bell* v. *Hunt*, 3 *Barb. Ch.* 391.) 6. It is to be observed that all the authorities that can be cited on the other side, affect only claims against " the same defendant." No case (it is confidently submitted) can be shown, where an attachment against one defendant is held good as a valid defense for another defendant. The plaintiff in the attachment suit in Massachusetts, attached this claim as due to the Columbian Insurance Company. It was then due, not to that company, but to its receivers, appointed months before, and the plaintiff in the attachment suit had no claim against the receivers, except for his dividend. Are our courts prepared to hold, that while the Massachusetts courts seize all that they can of the property of New York corporations for the benefit of Massachusetts creditors, we will also surrender to these same creditors property that comes within our jurisdiction, to the exclusion of our own citizens? 7. Thus, in the case of *Burrows* v. *Miller*, (5 *How.* 51,) although not an author-

ity on this question, the *obiter dictum* refers only to attachments against the same party in the foreign State.

V. This question has been repeatedly decided in favor of these receivers in this district, at *nisi prius*, notably by Judge Leonard in two cases involving a large sum.

*By the Court*, GEO. G. BARNARD, J. This action is brought upon promissory notes made by the defendant to the company of which the plaintiffs are. receivers, for the payment of premiums upon policies of insurance. An attachment was issued in the action, and the defendant appearing therein set up as a defense, that the receivers had not been properly appointed; that when the notes were given the company was insolvent, and that the defendant, being a citizen of the State of Massachusetts, on the 14th of August, 1866, another citizen of that State commenced an action against the company, in Massachusetts, in which he attached the claim against the defendant, and that the plaintiffs in this suit appeared as claimants in that suit, and the suit is pending.

We have held, in this department, that the receivers in this case were properly appointed. The company ceased to have a corporate existence after the judgment of this court dissolving it, which was rendered in February, 1866. The attachment process was commenced in Massachusetts, in August following, and certainly can be no defense. (*Bangs* v. *Duckinfield*, 18 *N. Y.* 596. *Mann* v. *Pentz*, 3 *N. Y.* 421. *Mumma* v. *Potomac Co.*, 8 *Peters*, 286. *Ward* v. *Sea Ins. Co.*, 7 *Paige*, 299.)

The courts of Massachusetts hold that foreign receivers have no right to intervene. (*Folger* v. *Columbian Ins. Co.*, 99 *Mass.* 267. *Taylor* v. *Same*, 14 *Allen*, 353.) The pendency of the attachment suit, then, is no bar to this action. A judgment there, might be. (*Williams* v. *Ayrault*, 31

*Barb.* 364.   *Cook* v. *Litchfield,* 5 *Sandf.* 330.   *Jackson* v. *Willson,* 9 *John.* 94.)

I think the judgment should be affirmed, with costs.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Ingraham,* P. J., and *Cardozo* and *Geo. G. Barnard,* Justices.]