HARRIET ADA TRUBEE, Respondent, v. GEORGIA V. ALDEN, Appellant.

*Pendency of suit in another State — attachment issued in — effect of, on attachment in this State.*

Plaintiff brought an action against the defendant, in the State of Connecticut, to recover certain personal property, which was seized by the sheriff and released upon the execution of a bond for its appraised value, $14,000. Subsequently she brought this action, in this State, to recover damages for the conversion of this same property, and attached property of the defendant of the value of $31,000. *Held*, that the plaintiff should be allowed to attach only so much property as was necessary to secure the additional amount claimed in this action, unless she elected to abandon the suit in Connecticut, in which case she might retain her attachment for the full amount. (Brady, J., dissenting.)

Appeal from an order made at the Special Term, denying a motion to vacate an attachment issued in this action in the sum of $31,961, with interest.

This action was brought to recover damages for the alleged conversion of a large amount of personal property.

The affidavits of the defendant and her counsel, read upon the motion to vacate the attachment, show that before this action was commenced, another action for the same cause was brought by the plaintiff against the defendant, in the Superior Court of Fairfield county, Connecticut; that in said action the personal property

forming the subject-matter of both suits, was attached by the sheriff of Fairfield county, Connecticut, and taken into his actual, manual possession, and that, subsequently, bonds were given by the defendant for the same in the amount fixed by the court as the value of the articles according to the statutes of the State of Connecticut, namely, $14,000.

*Wm. H. Anthon*, for the appellant.

*D. C. Birdsall*, for the respondent.

Davis, P. J.:

The plaintiff sued the defendant in Connecticut in an action of trover for the identical goods which form the subject of her claim in this action. The goods were seized by the sheriff in the suit in Connecticut by attachment, and released on valuation, and on the execution of a bond of $14,000. That suit is still pending. The plaintiff has since commenced this action, and sued out an attachment for the full amount of the claim, and attached defendant's property. It is well settled that the pendency of a suit for the same cause of action in another State is no bar to an action therefor in this State. On this point the authorities are numerous. But it does not by any means follow that the court will not take notice of the fact of such pendency in considering questions affecting provisional remedies. If, for instance, a defendant has been arrested and given bail in another State for a cause of action, and afterward comes into this State, will the court permit the plaintiff, by a new action brought here for the same cause, again to arrest and hold the defendant to bail, and still continue his suit, and enforce his bail in the former State? The discretion which courts possess over provisional remedies would require sharp inquiry, whether in such a case prosecution had not degenerated into persecution, and to take care that its process was not used for the latter purpose. Each case would be governed by its own circumstances, but in no case, I apprehend, where good bail for the full amount had been put in, in due course, in the action pending abroad would the court permit the same thing to be repeated here without the discharge of the bail there, or clear proof that the defendant was

fraudulently evading his obligations to them, or doing some other act that made it imperative to secure the personal remedy here? I see no reason why the same rule should not apply to attachments. In this case, the plaintiff, for the identical cause of action, has attached, in Connecticut, the property of defendant, to release which, a bond which must be assumed to be good, for $14,000 has been executed. Why should she be permitted, in another action for the same cause, to harrass the defendant by attachment here, except to an extent for which she has not adequate security there? It is said that her claim exceeds $14,000. Very well, she may then have, under provisional remedy here, an adequate additional security, but why a cumulative one for the whole amount? I think the courts of this State ought not to surrender their discretion over provisional remedies by holding that because actions may be brought here for the same causes for which suits are pending in other States, that, therefore, pending such actions, the plaintiff may arrest persons or attach property, regardless of the same or similar steps taken in her other suits.

I do not agree, therefore, with the conclusion of my Brother BRADY but think that the attachment in this case should be modified to cover a sum adequate as additional security, unless the plaintiff choose to abandon the similar proceeding in Connecticut, in which case the order should be affirmed.

DANIELS, J., concurred.

BRADY, J. (dissenting):

The defendant seeks to have the attachment issued against her vacated upon the ground that before this action was commenced, she was prosecuted by the plaintiff in trover in Connecticut for the recovery of the identical goods and chattels which form the subject or basis of her claim in this proceeding, and that an attachment was issued against the property seized, which was released from that process, only on her giving a bond in the sum of $14,000, which was the estimated amount of its value. She also asks to have the attachment vacated upon the further ground, that this court ought not to take cognizance of actions of tort committed in another State between residents of that State, and further upon a technical ground

also which will be mentioned hereafter. In reference to the second ground stated it may be said here, that the plaintiff alleges herself to be a resident of Brooklyn in this State, and that seems to be a sufficient answer to the point taken. If any other be necessary it may be given as follows: actions to recover injuries to personal property may be maintained wherever jurisdiction of the parties can be obtained. The action in other words is transitory. The ruling in *Maloney* v. *Dows* (8 Abb. Pr., 316), has no application to such cases. (*McIvor* v. *McCabe*, 26 How. Pr., 257; *Smith* v. *Butler*, 1 Daly, 508.) In regard to the first ground stated, it must be said that there is no authority to sustain it. It has been held in numerous cases, that the pendency of an action in another State is no defense to an action here for the same cause although the recovery of a judgment might be. (*Brown* v. *Joy*, 9 Johns., 221; *Walsh & Gallagher* v. *Durkin*, 12 id, 99; *Mitchell* v. *Bunch*, 2 Paige, 606; *Hecker* v. *Mitchell*, 5 Abb., 453; *Osgood* v. *Maguire*, 61 Barb., 54; *Burrows* v. *Miller*, 5 How., 51; *Cook* v. *Litchfield*, 5 Sandf., 330; *Republic of Mexico* v. *De Arangoiz*, 5 Duer, 643; *Williams* v. *Ayrault*, 31 Barb., 364; *Strong* v. *Stevens*, 4 Duer, 668.) It has not been adjudicated, in any case to which our attention has been called, that an attachment issued in such a suit between the same parties has been admitted to be a bar or good defense. It has been held that an attachment levied upon a debt or claim at the instance of a creditor of the owner of it, is a good defense to an action by the latter, against the debtor. The decisions rested upon the ground that if both actions were allowed to proceed in favor of different claimants in different jurisdictions, the unfortunate debtor might be compelled to pay twice. Such were the cases of *Embree* v. *Hanna* (5 Johns., 101); *Wheeler* v. *Raymond* (8 Cow., 311); and the case of *Burrows* v. *Miller* (5 How. Pr., 51), is no broader in its dictum. In this case there is but one claimant in both actions and payment in either would determine the other. The satisfaction of a payment in either would destroy a judgment in the other and the remedy to accomplish that result would be simple and sure. It must be said also that in the action commenced in Connecticut the bond is quite insufficient to cover the damages claimed in that action and equally so in this. If the recovery in that State were more than the amount of

the bond, it would not be secured by the result of the attach-ment proceedings, a circumstance which, if the question con-sidered were *res nova*, would have an important bearing upon the treatment it should receive. It must also be said that the plaintiff alleges this action to be commenced to recover damages in addition to those sought to be obtained in the action in the other State, and thus makes the gravamen of the suits different. It is not necessary however to pursue this subject further. If the prop-erty attached had been sufficient to pay the plaintiff's debt, that fact would not constitute a good defense. (*Hecker* v. *Mitchell*, 5 Abb., 453.) This rule seems to be a harsh one, and doubtless is; but it results from the application of the authorities on the subject of another action pending in another State, which rest upon the principle that it is payment or satisfaction alone, under the foreign proceedings, which is regarded by our courts. (*Burrows* v. *Miller*, *supra.*) When the property seized is not sufficient to meet the claim made its hardship is not so apparent. The proper remedy, in cases like this, would seem to be a motion to compel the plaintiff to elect in which action he will proceed, and to confine him, when the choice is made, to the one selected. Whether that be a correct view or not, however, it appears that the first ground stated is not available to the defendant. The technical point alluded to is, that the approval of the undertaking, given when the attachment herein was applied for, was not indorsed on that instrument but on the affidavit. This was an oversight of the justice presiding at the chambers, and it was corrected at once on his attention being called to it. There is no reason for disturbing the order made at Special Term, and it must be affirmed, with costs. Justices DAVIS and DANIELS do not concur in these views. I do not regret that the result arrived at by them is adverse, because, as I have sug-gested, I think the rule declared a harsh one; but it is the necessary sequence of the cases affecting the question, and I have yielded to the doctrine of *stare decisis*. It is well to depart from that doc-trine occasionally, perhaps constantly, but such a course must unsettle the practice and the rules of law. If a party may be a suitor he cannot be deprived of the remedies granted by the law of his forum. If he can, then he is only a *quasi* suitor.

I still adhere to the view that the remedy is by motion to elect.

Order modified so that the attachment be made to include such an amount only as will be equal to the difference between the amount of the bond given in Connecticut and plaintiff's entire debt, unless plaintiff, within twenty days, stipulates to discontinue the action pending in Connecticut, in which case, order affirmed.