AUGUSTUS E. MASTERS *against* THE ECLECTIC LIFE INSURANCE COMPANY.

(Decided May 1st, 1876.)

An insolvent corporation may be dissolved and its affairs wound up at the instance of a single stockholder.

And this rule applies to a life insurance corporation organized under the laws of this State.

This court has jurisdiction to dissolve and wind up such a corporation when it has an office for the transaction of business in the city of New York.

APPEAL taken by Laura A. Bass, from an order made by Judge LARREMORE, denying a motion to vacate the judgment and all proceedings in the suit, on the ground of want of jurisdiction of the court.

The action was brought by Augustus E. Masters, the holder of five shares of stock in the Eclectic Life Insurance Company, to dissolve the corporation and wind up its affairs, on the ground that it was insolvent.

The action was commenced by service of summons and complaint, Sept. 4th, 1873, and a motion for temporary injunction was granted Sept. 12th, 1873, and a receiver appointed. On October 22d, all suits and proceedings at law against defendant were enjoined, and all creditors required to present their claims to the receiver prior to May 15th, 1874. On January 29th, 1874, a decree dissolving the corporation was entered.

Mrs. Bass appeared in the action, May 9th, 1874, claiming to be a creditor, and her claim to be a creditor having been sustained by the referee, she made a motion to dismiss the proceedings; which was heard on Nov. 15th, 1875.

*Raphael J. Moses, Jr.,* for appellant.

*John L. Hill,* for respondent.

ROBINSON, J.—By the Constitution of 1846 (art. 14, § 12), this court, being a local court, was to remain until otherwise directed by the Legislature, with its existing powers and jurisdiction.   By the Code of Procedure passed in 1848 (see recital), the distinction between legal and equitable proceedings was abolished, and a uniform course of proceeding in all cases, was established.   By section 33, this court was vested with jurisdiction in all actions against corporations created by the laws of this State, and transacting their general business, or keeping an office for the transaction of business within this city, upon any cause of action arising within this State.   By the amendment to the judiciary article of the Constitution, adopted in 1869–70 (art. 6, § 12), this court was continued with such powers and jurisdiction as it then possessed, and such further jurisdiction, civil and criminal, as might thereafter be conferred upon it.

By the act of 1873 (ch. 239), original jurisdiction in law and in equity was conferred upon the court, " concurrent and co-extensive with that of the Supreme Court in all civil actions and in all special proceedings."   While in the case of *Landers* v. *Staten I. R. R. Co.* (53 N. Y. 450), it was held, in effect, that this was not intended to extend the jurisdiction of the local courts generally over the State or over corporations not located or having an office for the transaction of business within the city wherein such courts existed, yet, as to the subjects of their jurisdiction within their territorial limits and boundaries, as broadly as conferred by the terms of the statute, the Court of Appeals, in the subsequent case of *The People ex rel. Ryan* v. *Green* (58 N. Y. 295), have affirmed their existence as comprehensive as are those terms.

This action was commenced since the act of 1873, " against a corporation " " created under the laws of this State, transacting its general business " and keeping an office for the transaction of business within the city, " upon a cause of action arising therein."   The existence of these essentials being undoubted, the jurisdiction of the court over the subject of the action seems unquestionable, aside from the considerations hereafter presented.

By the provisions of the Revised Statutes (2 R. S. 462 to

468), an incorporation " authorized by law to make insurances " (§ 39), " having become insolvent or unable to pay its debts," became subject (§ 40) to an action on behalf of a stockholder to restrain it from further exercising its franchises and collecting its debts, or paying out or disposing of its funds ; the appointment of a receiver (§ 41) ; and a distribution of its assets among its fair and honest creditors (§ 42). The judgment entered in this action goes no further in so far as it affects any interest of the appellant, or tends to her prejudice.

As to the injunction so authorized, it is provided by section 40 that it may be issued on the application of the attorney general of the State, or of any creditor or stockholder of such corporation, upon bill or petition filed for that purpose, and upon due proof of the facts required by section 39.

It is claimed on the part of the appellant, that having regard to the peculiar character of such institutions as the mere creatures of the statute, with *quasi* public functions, that this provision in the 40th section merely authorizes such action or proceeding to be brought by the attorney general on behalf of the State or *on behalf* of a creditor or stockholder, acting as a *relator*. Such is not its natural construction or meaning, nor does any such construction find countenance in any of the adjudicated cases. The proceeding, when instituted by a creditor or stockholder, is one for the enforcement or protection of his private rights (Code, § 2), and is but one adapted to that end.

· In *Verplanck* v. *The Mercantile Ins. Co.* (2 Paige, 438), both Mr. Dudley Selden and Mr. Benjamin F. Butler (then one of the recent revisors of the statutes), appearing for the defendants, conceded that the conferring of this right upon the part of a stockholder, was the effect of the new enactment, and the chancellor (p. 452) asserts that the provision authorized the proceeding by a stockholder, to enforce the forfeiture of the franchises and a dissolution of the corporation. This remedy was also accorded to. a creditor, by assistant Vice-Chancellor Sandford in *Boisgerard* v. *The N. Y. Banking Co.* (2 Sand. Ch. 23). The chancellor reiterates the same views in *Ward* v. *Sea Ins. Co.* (7 Paige, 297), and in *Mickles* v. *The Rochester City Bank* (11 Paige, 126). In the latter case he says : " I think any cred-

itor or stockholder who has an interest in closing up its affairs, and having its effects applied to the payment of its debts, or distributed among its stockholders, may file a bill in this court against the corporation to have its dissolution judicially declared, and its affairs wound up under the direction of this court." The decision in this last case was affirmed by the court of errors (11 Paige, 130). In *Van Pelt* v. *The Metallic Spring Co.* (13 Abb. N. S. 325), the right of a creditor to maintain such an action was maintained by the general term of the Superior Court, in an able opinion by Judge Monell passing upon the point in question. Such a dissolution of a corporation was also held available as a defense against a judgment subsequently recovered against it in *McCulloch* v. *Norwood* (4 J. & Sp. 184; affirmed by the Court of Appeals, 58 N. Y. 562). The fact that this particular point failed to meet the recognition of Mr. Butler as a defense for his client, in *Verplanck* v. *The Mercantile Ins. Co.* (*supra*), and that in the numerous cases since decided involving so important a question, though perhaps not distinctly named, it has received but a uniform expression of opinion adverse to the appellant, would indicate that it was and is free from judicial doubt.

So far as such rights as are "*publici juris*," and could alone be presented through the attorney general, the judgment in question was recognized, ratified and confirmed by the act of May 14th, 1875 (chap. 337), and a more effectual provision made by the Legislature for the distribution of the assets of the corporation under it.

The further objection is taken, that the defendants, being incorporated under chapter 463 of the Laws of 1853 (p. 887), being an act for the incorporation of life and health insurance companies, the defendants are exempt from any such action on the part of a stockholder. That act nowhere indicates any such intention. By section 11, all corporations thus formed were expressly made "subject to all the provisions of the Revised Statutes in relation to corporations, so far as the same were applicable, except in regard to annual statements or other matters herein otherwise specially provided for." One of these matters is provided for in section 10, whereby it is enacted that "suits

at law may be prosecuted and maintained by any member or stockholder against such corporation, for losses which may have accrued, if payment is withheld more than two months on the risks after such losses shall have been due," and another is by section 17, enacting that the comptroller, if he has good reason to suspect the correctness of any annual statement, or the soundness of the condition of the company, is required to make an examination of its affairs, and if it shall appear to him that the assets are insufficient to insure outstanding risks, he shall communicate the fact to the attorney general, whose duty it is made to apply to the Supreme Court for an order requiring the company to show cause why its business should not be closed, whereupon action for that purpose may be taken by the court; but neither these nor any other special provision of the act impairs or affects the general remedy given by the Revised Statutes to the attorney general or a creditor or stockholder, to institute the proceedings first above referred to (2 R. S. 462 to 468).

The special proceedings and remedy for a summary control over the affairs of such a corporation, afforded by section 17 of chapter 463 of the Laws of 1853, are merely cumulative and in no respects inconsistent with any of the provisions of the Revised Statutes above referred to.

Nothing is discovered in the argument presented by the appellant, impairing or affecting the right of the plaintiff to maintain this action, or disclosing any error in the judgment for want of jurisdiction or otherwise. Under these views the order appealed from must be affirmed with costs.

JOSEPH F. DALY, J., concurred.

Order affirmed.