JOSEPH MEDBURY AND EDWARD L. THOMAS, RESPONDENTS, v. THE ROCHESTER FREAR STONE COMPANY, APPELLANT, IMPLEADED, ETC.

*Action to dissolve a corporation on the ground of its insolvency — right of a stockholder to maintain such an action — appointment of a receiver pendente lite.*

The complaint alleged that the defendant was a manufacturing corporation, organized under the laws of this State; that the plaintiffs were two of the trustees thereof and stockholders therein; that three of the defendants were the other trustees; that the corporation had been insolvent for more than a year prior to the commencement of this action; that the plaintiffs were pecuniarily responsible; that the other trustees were not so; that such other trustees insisted upon continuing the business of the company, though judgments had been recovered against it and executions issued thereon returned unsatisfied; and that an action had been commenced against one of the plaintiffs to charge him personally with the debts of the said corporation.

It prayed that the corporation might be dissolved, and asked for a preliminary injunction and the appointment of a receiver *pendente lite.*

*Held,* that the action was maintainable under 2 Revised Statutes, 463, section 38, and that a receiver should be appointed.

APPEAL from an order of the Monroe Special Term, appointing a receiver of the property of the appellant.

*J. S. Garlock,* for the appellant. Plaintiffs are not entitled to maintain this action. It can only be brought by the attorney-general. (*People* v. *Erie Railway Co.*, 36 How., 129; *Howe* v. *Deuel*, 43 Barb., 504; *Bangs* v. *McIntosh*, 23 id., 591; 1 Kern., 243, 252; *Allen* v. *N. J. S. R. R. Co.*, 49 How. Pr., 14; *Greaves* v. *George*, 69 N. Y., 154.) The corporation is not insolvent in fact, or within the meaning of the term as defined by the courts. (*Curtis et al.* v. *Leavitt*, 17 N. Y., 109, 139, 198; *Mann* v. *Pentz*, 3 id., op. 419.)

*J. P. Varnum,* for the respondent. The action is properly brought by plaintiffs, who are both trustees and stockholders. (1 R. S. [Edm. ed.], 465, § 38; 6 Wait's Pr., 270; *Mickles* v. *Rochester City B'k*, 11 Paige, 118; *Conroy* v. *Gray*, 4 How. Pr., 165; *Conroy* v. *Gray*, approved, 12 B., 27.) The court has

power to appoint a receiver during the pendency of this action. (*Mickles* v. *Rochester City B'k*, 11 Paige, 118; *Conro* v. *Gray et al.*, 4 How. Pr., 165; *Galwey* v. *U. S. Steam Sugar Ref'g Co.*, 36 Barb., 256; *Howe* v. *Deuel*, 43 Barb., 504; Old Code, § 244.)

SMITH, J.:

The complaint alleges that the defendant, the Rochester Frear Stone Company, is a manufacturing corporation organized under the laws of this State; that the plaintiffs are two of its trustees or directors, and also stockholders therein; that three of the defendants are the other trustees; that the corporation has been insolvent for more than a year prior to the commencement of the action; that the plaintiffs are pecuniarily responsible, but the other trustees are irresponsible, but insist upon continuing the business of the company; and that judgments have been recovered against the company, and an execution on one of them has been returned unsatisfied, and an action has been commenced by one creditor against the plaintiff Medberry to charge him personally with a debt of the company. The complaint asks that the company may be dissolved, the trustees required to account, that the company be enjoined from further carrying on its business and incurring obligations, and that a receiver be appointed. It also asks for a preliminary injunction and the appointment of a receiver *pendente lite*.

The motion for a receiver was opposed upon affidavits denying the alleged insolvency. On reading the papers we are satisfied that the fact of insolvency for more than one year before suit is established.

The objection that the plaintiffs cannot maintain the action is unfounded. Section 38 of the article of the Revised Statutes, relating to proceedings against corporations in equity, provides that whenever any incorporated company shall have remained insolvent for one whole year, it shall be deemed to have surrendered its franchise, and shall be adjudged to be dissolved. (2 R. S., 463, § 38.) Under the provisions of that section, a creditor or a stockholder may proceed to have the dissolution of the insolvent company judicially declared and to wind up its

affairs. (*Ward* v. *Sea Insurance Co.*, 7 Paige, 294; *Mickles* v. *The Rochester City Bank*, 11 id., 118.)

That the court has power in such a case to appoint a receiver *pendente lite*, to preserve the property of the company, is not questioned.

The order of the Special Term should be affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J. and HARDIN, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.