Daniels, J.
This action has been brought by the plaintiffs as trustees and stockholders of the Kellogg Bridge Company, a manufacturing corporation formed under the laws of this State, to dissolve the corporation, and for the appointment of a receiver because of its insolvency, and its failure, for a greater period than one year, to pay its debts. And the present motion is for the continuance of ah injunction already issued, and the appointment of a receiver. Its failure to pay its debts for that period of time has been shown, but whether it can properly be held to have been at any time insolvent is certainly, to say the least, much more doubtful. The examination of the affidavits made in affirmation of, and to disprove, that disputed fact, will not now be necessary. For the neglect of the corporation, for a greater period than one year, to pay its debts, is sufficient, under the statute, to justify the prosecution of this action (3 R. S. 6 ed. 748, § 50). This section differs from the one next succeeding it, providing a similar remedy against corporations having banking powers, or authority to make insurance, in the circumstance that their stockholders were specially authorized to institute the designated proceedings (Id. 749, § 52). And it was conformably to that provision that the case of Ward v. Sea Ins. Co. (7 Paige Ch. 294) was decided. But notwithstanding the omission of a similar enactment, applicable to other corpora *170 tions, it was still held that such an action might be maintained by the stockholders of a manufacturing corporation (Mickles v. Rochester City Bank, 11 Paige Ch. 118).
But since the latter decision was made in an act to regulate proceedings against corporations, it has been provided that all actions and proceedings against a corporation, when the relief sought, or which can be granted therein, shall be the dissolution of such corporation, or the removal or suspension of any officer thereof, shall be brought by the attorney -general in the name of the people of the State (1 L. 1870, 422, § 2). And this was correctly held to be applicable to, and to include, an improvement corporation, in Wilmersdoerffer v. Mahopac Imprvt. Co. (18 Hun, 387). But that does not appear to have been a corporation formed under the manufacturing laws-of this State. In that respect it materially differs from the present action. For it is alleged in the complaint in this case, that the corporation now proceeded against is a manufacturing corporation organized and existing under the laws of this State ; and that has not been denied by either of the defendants. If that allegation be assumed to be true, as it certainly should be under these circumstances, then neither this provision of the act of 1870, nor the case last referred to, constitute any legal objection to the success of the present action. For, by the concluding part of section 5 of the act of 1870, it was declared to be inapplicable to associations having banking powers, or power to make insurance, or to such as shall be organized under the general manufacturing laws of this State (1 L. 1870, 423, § 5).*
These general laws are the only laws under which manufacturing corporations can be organized in this *171 State,* and consequently, under the allegations of the complaint, this must be held to be one of these exempted corporations, to which the provisions of this act have no application.
The case of Medbury v. Rochester Frear Stone Co. (19 Hun, 498) is also an authority in support of the action by the plaintiffs as stockholders. For, as it is not within the restraints imposed by the act of 1870, it can be well sustained under the construction given to the provision of the preceding statute, declaring for what defaults bodies of this nature may be dissolved. They have been held to include corporations of this description. And in the first case, holding that to be the effect of the law, the conclusion was finally sanctioned by the highest judicial tribunal of the State (Mickles v. Rochester City Bank, 11 Paige Ch. 118). The result, therefore, necessarily follows that the motion made should be allowed to prevail, and that a receiver of the property and effects of this corporation must be appointed.
The person to be selected will be named after hearing the parties, on the settlement of the order.

 By L. 1875, c. 428, it was also declared inapplicable to savings banks.

 But see, however, L. 1875, p. 755, c. 611, an act which seems not to have been very generally resorted to as yet.