## John B. Folger *vs.* Columbian Insurance Company & trustees.

To decree an absolute and final dissolution of a corporation at the suit of an individual is no part of the general jurisdiction of a court of law or of equity, and can be justified only by express statute.

In the suit, based on the N. Y. Rev. Sts. part 3, tit. 4, c. 8, art. 2, § 47, of a stockholder of a corporation chartered under the law of New York, against the corporation, for a vio-lation of its charter in declaring and paying a dividend out of its capital stock, a decree of the supreme court of New York declaring the corporation dissolved is in excess of the jurisdiction of the court, and therefore entitled to no faith and credit in this Common-wealth as a judicial proceeding.

*It seems,* that, in a trustee process submitted to this court on an agreed statement of facts, a citizen of Massachusetts may, since the passage of the St. of 1865, c. 179, which author

izes the court to allow amendments changing a suit at law to a proceeding in equity, obtain payment of a debt due to him from a foreign corporation which has been dissolved, out of its property in this Commonwealth.

TRUSTEE PROCESS, by a citizen of Massachusetts against an insurance company incorporated under the laws of New York, and having an agent duly appointed under the Gen. Sts. *c.* 58, § 68, to receive service of process in Massachusetts, on whom service was made in this action; upon policies of insurance written by the defendant corporation at Boston on the plaintiff's interest in the ship Spark of the Ocean. Writ dated March 22, 1866. John L. Priest, one of the parties summoned as trustees, admitted in his answer the possession of funds belonging to the corporation. In the superior court George A. Osgood and Cyrus Curtiss appeared, by leave of court, on October 29, 1866, as claimants of these funds, in their capacity of receivers of the corporation by appointment of the supreme court of New York m an action brought therein by William H. Harbeck against the corporation. The case was submitted to the determination of the full court upon appeal from the judgment of the superior court on agreed facts; the trustee to be charged on his answer and the plaintiff to have judgment for the funds in the trustee's hands, if in the opinion of the court a judgment could be rendered against the corporation; but if the claimants had valid title to the funds as against the plaintiff, notwithstanding the admitted fact of a loss accrued within his policies, then judgment to be entered for the claimants accordingly. The substance of the facts agreed was as follows :

The complaint of the plaintiff in the action of Harbeck against the corporation was filed in the supreme court in New York on January 22, 1866 ; set forth that the plaintiff was a stockholder in the corporation; and prayed for a judgment for the dissolution of the corporation, for the appointment of receivers, and for an injunction on the officers and agents of the corporation against further prosecuting business, on the ground that the corporation had violated its charter in declaring a dividend and paying the same to the stockholders out of the capita. stock, and not out of surplus profits. On January 23, 1866, the

Folger v. Columbian Insurance Company & trustees.

court appointed receivers as prayed for; on January 31 the corporation filed its answer to the complaint; and on February 2 the court, at the same time reappointing the former receivers "to wind up the affairs of the company in the manner provided by law," entered the following judgment: "The defendant having answered the complaint in this action, and judgment having been ordered upon the answer as frivolous, it is now, on motion of Dudley Field, counsel for the plaintiff, adjudged that the Columbian Insurance Company, the defendant herein, be, and it is hereby dissolved."

Of this judgment for dissolution neither the plaintiff in the present action nor the trustee had any notice or knowledge; and they had no formal notice of the previous proceedings in Harbeck's action, although they "knew generally that receivers had been appointed."

It was agreed that the various orders of the court in New York for the appointment of receivers "were made under and by virtue of the N. Y. Rev. Sts. part 3, tit. 4, c. 8, art. 2, §§ 47, 48, 49, 51, and art. 3, §§ 77 *et seq.* which, together with any other laws of the state of New York bearing upon the subject, may be referred to," and that "by said orders of said supreme court, and by the laws of the state of New York, all the estate, real and personal, of said Columbian Insurance Company, which was in New York, or within the jurisdiction of said supreme court, passed to and vested in the receivers appointed in the original order hereinbefore referred to, and afterwards to and in the present claimants."

*J. C. Dodge*, for the plaintiff.

*E. Bangs*, for the claimants. 1. The decree of February 2 is conclusive evidence in this action of the fact of the dissolution of the corporation. Being a duly authenticated judgment of a court of another of the United States, it is in no case further examinable here than as to the jurisdiction of the court over the cause and the parties. *Bissell* v. *Briggs*, 9 Mass. 462. *Jacobs* v. *Hull*, 12 Mass. 25. *Commonwealth* v. *Green*, 17 Mass. 515, 545. *Hall* v. *Williams*, 6 Pick. 232, 246. *McRae* v. *Mattoon*, 13 Pick. 53. *Sheldon* v. *Kendall*, 7 Cush. 217, 219. *Carleton* v,

Folger *v.* Columbian Insurance Company & trustees.

*Bickford,* 13 Gray, 591. *Buffum* v. *Stimpson,* 5 Allen, 591.
*Haggerty* v. *Amory,* 7 Allen, 458. *Mills* v. *Duryee,* 7 Cranch
481. *Hampton* v. *McConnel,* 3 Wheat. 234. *D'Arcy* v. *Ketchum,*
11 How. 165. *Christmas* v. *Russell,* 5 Wallace, 290, 305. *Green*
v. *Van Buskirk,* Ib. 307, 310. *Lazier* v. *Westcott,* 26 N. Y. 146.
*Judkins* v. *Union Insurance Co.* 37 N. H. 470. The record is in
itself evidence of the jurisdiction over the parties. The court
being one of general jurisdiction will be presumed to have had
jurisdiction of the cause, till the contrary shall appear. *Bissell*
v. *Wheelock,* 11 Cush. 279. *Buffum* v. *Stimpson,* 5 Allen, 591.

There are no facts in the case tending to show that the court
had not jurisdiction. On the contrary, it affirmatively appears,
from the statutes and the decisions, that the supreme court of
New York had a general jurisdiction over the subject matter of
its proceedings in the suit in which this decree was passed. It
was a court of general jurisdiction in law and equity; Const.
of N. Y. art. 6, § 3; having especial jurisdiction over corpora-
tions by statute; N. Y. Rev. Sts. part 3, tit. 4, *c.* 8, art. 2, 3;
and by the common law of the state; *Attorney General* v. *Utica
Insurance Co.* 2 Johns. Ch. 371, 389; having the power to dis-
solve corporations, and being the only court in the world which
has power to dissolve a New York corporation. *Merrick* v. *Van
Santvoord,* 34 N. Y. 208. See also *Verplanck* v. *Mercantile In-
surance Co.* 2 Paige, 452; *Bangs* v. *McIntosh,* 23 Barb. 599;
*Howe* v. *Deuel,* 43 Barb. 504, 508; *Mann* v. *Pentz,* 3 Comst.
420. And this court is bound to give credit to the decree, under
the general rule of law that, when any matter belongs to the
jurisdiction of one court so peculiarly that others can only take
cognizance of the same subject incidentally and indirectly, the
latter are bound by the sentence of the former, and must give
credit to it. Hargrave's Tracts, 452. *Perkins* v. *Fairfield,* 11
Mass. 227. *Thompson* v. *Tolmie,* 2 Pet. 163. *Blount* v. *Darrach,*
4 Wash. C. C. 657, 659. *Gorrill* v. *Whittier,* 3 N. H. 265.
*Maingay* v. *Gahan,* 1 Irish T. R. 1, 53.

When a court has general jurisdiction over the subject matter
of its proceedings, its doings, however erroneous, are not void,
*Prigg* v. *Adams,* 2 Salk. 674. *Gorrill* v. *Whittier,* 3 N. H. 265

Folger *v.* Columbian Insurance Company & trustees.

**269.** *Wood* v. *Peake*, 8 Johns. 69. *Butler* v. *Potter*, 17 Johns. **145.** *Bangs* v. *Duckinfield*, 18 N. Y. 592, 595. This decree, therefore, even if it could be proved to be erroneous, must be held to have been authorized by the law of New York, and conclusive as evidence of the fact of dissolution, until shown to have been reversed. *Jacobs* v. *Hull*, 12 Mass. 25. *Hull* v. *Blake*, 13 Mass. 153, 157. *McRae* v. *Mattoon*, 13 Pick. 53. *Kempe* v. *Kennedy*, 5 Cranch, 184. *Thompson* v. *Tolmie*, 2 Pet. 157, 162. *Grignon* v. *Astor*, 2 How. 319. *Harvey* v. *Tyler*, 2 Wallace, 342. *Christmas* v. *Russell*, 5 Wallace, 290. *Fisher* v. *Bassett*, 9 Leigh, 119. *Cox* v. *Thomas*, 9 Grat. 323.

It was a proceeding *in rem*, and, as such, binding, not only on the parties actually litigating, but on all others. 1 Greenl. Ev. § 525. Broom Leg. Max. (3d ed.) 859, and cases cited. *Woodruff* v. *Taylor*, 20 Verm. 65. *Castrique* v. *Imrie*, 8 C. B. (N. S.) 1, 405. *Cammell* v. *Sewell*, 3 H. & N. 617, 645. *Castrique* v. *Behrens*, 3 El. & El. 709.

Besides, the decree of dissolution comes only incidentally in question here. Foreign judgments, and judgments of the courts of another of the United States, have been held, when they came incidentally in question, not to be examinable at all, but conclusive, even as against strangers. *Smith* v. *Lewis*, 3 Johns. 157, 168, 169. *Barney* v. *Patterson*, 6 Har. & Johns. 182, 202, 203. *Taylor* v. *Phelps*, 1 Har. & Gill, 492. *Andrews* v. *Herriot*, 4 Cowen, 520, note. *Rapelje* v. *Emery*, 2 Dall. 231. *Croudson* v. *Leonard*, 4 Cranch, 434, 441, 442. *United States* v. *Arredondo*, 6 Pet. 691, 729. *Tarleton* v. *Tarleton*, 4 M. & S. 20. *Houlditch* v. *Donegal*, 8 Bligh, (N. S.) 301, 341.

2. This was none the less a foreign corporation, dissoluble by the law of the state which established it, because it had an agent in Massachusetts; nor can we so apply our laws to it as to prevent or modify the consequences of its dissolution decreed by the law of that state. *Danforth* v. *Penny*, 3 Met. 564. *Blackstone Manufacturing Co.* v. *Blackstone*, 13 Gray, 488. *Williston* v. *Michigan Southern & Northern Indiana Railroad Co.* 13 Allen, 400. *Smith* v. *Mutual Life Insurance Co.* 14 Allen, 336. *Merrick* v. *Van Santvoord*, 34 N. Y. 208.

Folger *v.* Columbian Insurance Company & trustees.

3. The plaintiff in this action cannot have judgment against the dissolved corporation. *Greeley* v. *Smith,* 3 Story, 657. *Mumma* v. *Potomac Co.* 8 Pet. 281, 286. *Read* v. *Frankfort Bank,* 23 Maine, 318, 321. *Merrill* v. *Suffolk Bank,* 31 Maine, 57.

4. The trustee therefore cannot be charged; and the attaching creditor can have no remedy against the funds in his hands. The reason of the exception to the general rule respecting the transfer of personal property, made in this country against foreign assignees by judicial proceedings, fails; and this court will respect the right of the claimants to the property which was of the insolvent dissolved corporation. *Goodwin* v. *Jones,* 3 Mass. 517. *May* v. *Breed,* 7 Cush. 15, 42.

GRAY, J. A corporation, being an artificial person, created by local laws, has no existence or powers beyond the jurisdiction of the state by whose laws it is created, except so far, and under such restrictions and conditions, as may be recognized and permitted by the laws and comity of other states. In this state, however, as in most others, a foreign corporation may make contracts within the scope of its charter, and may sue and be sued thereon. *Bank of Augusta* v. *Earle,* 13 Pet. 519. *Kennebec Co.* v. *Augusta Insurance & Banking Co.* 6 Gray, 208. *American Insurance Co.* v. *Owen,* 15 Gray, 491. By the Gen. Sts. *c.* 68, § 15, corporations created by any other state, having property in this Commonwealth, are liable to be sued and to have their property attached here, by trustee process or otherwise, in like manner as individual debtors residing in other states. *Ocean Insurance Co.* v. *Portsmouth Marine Railway Co.* 3 Met. 420. And by the Gen. Sts. *c.* 58, § 68, every foreign insurance company, before doing business in this Commonwealth, is required to appoint a citizen and resident thereof a general agent upon whom all lawful processes sued out by citizens of this state against the corporation may be served with like effect as if the corporation existed in this state, and to continue such agency while any liability remains outstanding here against the corporation. *Smith* v. *Mutual Life Insurance Co.* 14 Allen, 336.

Folger *v.* Columbian Insurance Company & trustees.

This trustee process is brought by a citizen of Massachusetts against a corporation established by the laws of New York, having an agent in this Commonwealth upon whom service was made, and owning funds in the hands of one of the persons summoned as trustees. The intervening claimants of those funds had been previously appointed, under the laws of New York, receivers of all the property of the corporation; and they rely, in support of their claim, upon a decree passed by the supreme court of New York, in the same suit in which they were appointed receivers, purporting to dissolve the corporation. They contend that this decree, having been made by a court of general jurisdiction, is conclusive evidence of such dissolution; that, if not thus conclusive, it was within the powers conferred upon that court by the statutes of New York; and that, in either view, the corporation had thereby ceased to exist before the process was commenced, and was not therefore liable to an action at law in this Commonwealth.

The article of the Constitution of the United States, which requires full faith and credit to be given in each state to the judicial proceedings of every other state, does not preclude the inquiry whether any judgment obtained in another state and relied on in this was rendered by a court having jurisdiction of the cause and of the parties. *Hickey* v. *Stewart*, 3 How. 762. *D'Arcy* v. *Ketchum*, 11 How. 165. *Carleton* v. *Bickford*, 13 Gray, 591. If the court was one of general jurisdiction, the presumption indeed is in favor of the validity of its proceedings. *Harvey* v. *Tyler*, 2 Wallace, 328. *Knapp* v. *Abell*, 10 Allen, 485. But this presumption is not conclusive; and it is always competent to show that the court had not jurisdiction of the cause. If it had not, there is no judicial proceeding; as in the case of an appeal of death brought in the English common bench, which is *coram non judice*. *Case of the Marshalsea*, 10 Co. 76 *b.* Especially is this the case when the action of the court is not in the exercise of its inherent general jurisdiction, but under a special power conferred by statute, its judgments in excess of which are void. *Thatcher* v. *Powell*, 6 Wheat. 125. *Shriver* v *Lynn*, 2 How. 60.

The supreme court of New York has indeed general jurisdiction in law and equity over persons and corporations. But general jurisdiction of suits against corporations no more implies a power to destroy a corporation at the suit of an individual than jurisdiction of private suits against individuals authorizes the court to entertain a prosecution for crime, to pass sentence of death, and to issue a warrant for execution. The only modes of dissolving a corporation, known to the common law, were, by the death of all its members ; by act of the legislature ; by a surrender of the charter, accepted by the government; or by forfeiture of the franchise, which could only take effect upon a judgment of a competent tribunal on a proceeding in behalf of the state ; and neither a court of law nor a court of equity had jurisdiction to decree a forfeiture of the charter or dissolution of the corporation at the suit of an individual. *Boston Glass Manufacturing Co.* v. *Langdon,* 24 Pick. 52, 53. 2 Kent Com. (6th ed.) 305, 313, 314.

It becomes necessary therefore to examine the statutes of New York, which were cited at the argument, in order to ascertain whether the supreme court of that state had jurisdiction to render the decree of dissolution upon which the claimants rely. The statutes in question are contained in the third part, eighth chapter and fourth title of the fifth edition of the Revised Statutes of that state. By §§ 69–104, provision is made for the voluntary dissolution of a corporation upon the application of the directors, and for the appointment of receivers who shall be vested with all the property of the corporation in trust for the benefit of its creditors and stockholders.

The cases in which the appointment of receivers of the property of a corporation upon an adverse application is authorized by these statutes are of three classes. The first is, after a judgment at law or decree in equity has been obtained against any corporation, and an execution issued thereon and returned unsatisfied ; in which case, upon the application of the judgment creditor, the supreme court may sequestrate the property of the corporation, appoint a receiver thereof, and distribute the same among all its creditors. §§ 44, 45. Secondly, whenever any

Folger *v.* Columbian Insurance Company & trustees.

corporation has remained insolvent or suspended its ordinary business for a year, it shall be deemed to have surrendered its franchises, and shall be adjudged to be dissolved, which adjudication might, in the opinion of Chancellor Walworth, be at the suit either of the attorney general or of any creditor or stockholder. § 46. *Ward* v. *Sea Insurance Co.* 7 Paige, 294. *Mickles* v. *Rochester City Bank*, 11 Paige, 118. Thirdly, whenever any banking or insurance company becomes insolvent or violates any provision of its charter or of other statutes, the supreme court, upon the application of the attorney general or of any creditor or stockholder, may by injunction restrain the corporation and its officers from exercising any of its franchises, from collecting debts, or paying out or transferring money or property, until the court shall otherwise order, and may appoint receivers, who shall be subject to the control of the court and have all the powers of receivers appointed upon the voluntary dissolution of a corporation. §§ 47, 51.

We cannot speak with the same confidence of the intention and the policy of the legislature of another state as we might of those of our own. But it is observable that the statutes in question do not in terms authorize a decree of dissolution of a corporation upon proceedings in equity instituted otherwise than by the voluntary application of its officers, except in the instance of a corporation which has failed to pay its debts or transact its business for a whole year, and which may therefore well be deemed to have ceased to exist for any useful purpose; widely differing from a mere neglect to pay one judgment debt, a temporary insolvency, or a violation of a single provision of a statute. The remedies afforded by all these sections to creditors or stockholders, by injunction, suspension of corporate powers, sequestration of property, appointment of receivers, and application of the assets of the corporation to the payment of its liabilities, may perhaps be considered as exercised under the general jurisdiction of the court, though modified, enlarged or regulated by statute. Such was the view taken by the court of appeals of New York of the proceedings in cases in which the corporation had failed to pay a judgment debt. *Bangs* v. *Duck-*

*infield,* 18 N. Y. 592. But, according to the opinion of the same court, such proceedings did not dissolve the corporation. *Mann* v. *Pentz,* 3 Comst. 419, 420. To decree an absolute and final dissolution of a corporation at the suit of an individual is no part of the general jurisdiction of a court of law or of chancery, and can be justified only by express statute. The appointment of a receiver to take and distribute among the creditors and stockholders all the property of a corporation may with sufficient accuracy be called, as it was by Chancellor Walworth in *Verplanck* v. *Mercantile Insurance Co.* 2 Paige, 452, and *Bank Commissioners* v. *Bank of Buffalo,* 6 Paige, 503, " a virtual dissolution of the corporation ; " but it does not extinguish its franchise, terminate its legal existence, or render it incapable of being sued, at law or in equity. *Coburn* v. *Boston Papier Maché Manufacturing Co.* 10 Gray, 243. *Taylor* v. *Columbian Insurance Co.* 14 Allen, 353.

It is not alleged or stated in the record produced in this case that the Columbian Insurance Company had remained insolvent or suspended its business for a year, as required to maintain an application under the forty-sixth section of the statute ; but the suit is based upon the forty-seventh section, alleging a violation of its charter in declaring and paying a dividend out of its capital stock, instead of out of its surplus profits. That part of the decree, therefore, which declares the corporation to be dissolved, was apparently in excess of the jurisdiction of the court, and entitled to no faith and credit as a judicial proceeding. The corporation remained in existence, liable to suit and to attachment of its property or debts in this Commonwealth ; and the right of the attaching creditor, being one of our own citizens, must prevail against the claim of the receivers appointed in New York ; as was adjudged in *Taylor* v. *Columbian Insurance Co* above cited.

It is by no means clear that, if the corporation could be held to have been dissolved according to the laws of New York, the eceivers could maintain their claim in this case. There is a difficulty indeed in sustaining an action at law against an extinct corporation. *Mumma* v. *Potomac Co.* 8 Pet. 281. *Merrill* *v. Suffolk Bank,* 31 Maine, 57. But the dissolution of a corpo-

ration cannot deprive its creditors or stockholders of their rights ir its property; and if the common law affords them no adeq<sub></sub>ate remedy, they may obtain relief in equity. *Bacon* v. *Robertson*, 18 How. 485–487, and cases cited. *Lum* v. *Robertson*, 6 Wallace, 277. By the Gen. Sts. *c.* 113, § 2, this court has jurisdiction in equity of suits by creditors to reach and apply in payment of a debt any property or right, legal or equitable, of a debtor, within this state, which cannot be come at to be attached or taken on execution in a suit at law against such debtor; and this provision has been held to extend to property of a foreign corporation. *Silloway* v. *Columbian Insurance Co.* 8 Gray, 199. By submitting this case to the judgment of the court upon an agreed statement of facts, the parties have waived any objection to the form of proceeding. *Cushing* v. *Kenfield*, 5 Allen, 307. *Rogers* v. *Daniell*, 8 Allen, 349. By the St. of 1865, *c.* 179, the court may allow amendments changing a suit at law into a proceeding in equity, if necessary to enable the plaintiff to sustain the action for the cause for which it was intended to be brought. There would seem therefore to be no difficulty in securing to the plaintiff in this case the payment of his debt out of the property of the corporation, even if it had been dissolved. But it is unnecessary to express a definite opinion upon that question, inasmuch as we are all of opinion, for the reasons already stated, that the corporation has not been dissolved, and that the plaintiff is entitled to *Judgment charging the trustee.*