(31 Misc. Rep. 182.)

HAMMOND v. NATIONAL LIFE ASS'N.

(Supreme Court, Special Term, New York County. April, 1900.)

1. RECEIVERS—APPOINTMENT—TITLE TO PROPERTY—ATTACHMENT.
   After the entry of a decree dissolving a corporation and appointing a receiver of its assets in Connecticut, an attachment was levied on its property in New York. The receiver under the Connecticut decree, having been appointed receiver of the property of the corporation in New York in an action brought after the attachment was issued by a stockholder against the corporation, moved to dissolve the attachment on the ground that the corporation had been dissolved before the issuance of the writ. Held that, since the dissolution of the attachment on such ground would demonstrate the infirmity of the title of the receiver, the motion must be denied.

2. SAME—TITLE TO PROPERTY—DISSOLUTION OF ATTACHMENT IN FOREIGN COURT.
   A foreign receiver is entitled to move the dissolution of an attachment in the courts of New York, on the ground that it has been unlawfully issued, and that no right has been acquired thereunder by the attaching creditor.

3. CORPORATIONS—DISSOLUTION—FOREIGN DECREE—VALIDITY.
   Under Gen. St. Conn. § 1942, giving the superior court of that state power to wind up the affairs of a domestic corporation, and dissolve it, if

it shall find that the corporation has voted to wind up its affairs, or aban-
doned the business for which it was organized, and thereafter neglected
within a reasonable time or in a proper manner to wind up its affairs and
distribute its effects, that court has no jurisdiction to decree the dissolu-
tion of a corporation where there has been no vote of the stockholders
to wind up its affairs, nor any abandonment of its business, and neglect
thereafter within a reasonable time to wind up its affairs.

4. FOREIGN JUDGMENTS—VALIDITY—INQUIRY AS TO JURISDICTION

The courts of New York have the power to inquire as to the jurisdiction
of a court of another state to render a decree dissolving a corporation.

Action by James B. Hammond, as administrator, etc., against the
National Life Association. Motion by Frederick A. Betts, as receiver
of such association, for an order vacating an attachment issued against
defendant. Motion denied.

Alexander & Colby, for plaintiff.
Charles G. Bennett, for receiver.

BEEKMAN, J. Frederick A. Betts, claiming to be receiver of
the defendant, moves for an order vacating an attachment which
the plaintiff obtained on July 12, 1899, and also a judgment by de-
fault which has been entered herein in plaintiff's favor against the
defendant. The ground of the motion is that the defendant, a Con-
necticut corporation, was dissolved by a decree of the superior court
of the county of Hartford, in that state, on the 7th day of July, 1899,
and prior to the commencement of this action; that the corporation
was, therefore, nonexistent at the time this suit was begun and the
attachment was obtained, and that for that reason it could not be
sued, and both the attachment and judgment herein are null and void.
A certified copy of said decree, and the papers on which it was ren-
dered, is annexed to the moving papers. The decree in question con-
tains a provision "that said defendant corporation be, and the same
hereby is, dissolved," and then proceeds to appoint Mr. Betts "receiver
of the funds, estate, and assets of said corporation" upon giving cer-
tain security. Thereafter, and on July 29, 1899,—some 17 days after
the plaintiff had obtained his attachment, Mr. Betts was appointed
receiver of the property of the defendant corporation within this
state in an action which had been brought on the 28th day of July
in this court for that purpose by a stockholder against said defendant
corporation. The latter immediately appeared by attorney, and, hav-
ing answered, admitting all of the allegations of the complaint, the
order last mentioned was made. The receiver has duly qualified, both
under the Connecticut decree and under the order of this court. Un-
der these circumstances the status of the receiver on this motion
must be considered as resting purely on the order of this court made,
as above stated, on the 29th day of July, 1899. The court having
assumed control over the property of the defendant in this state
upon its jurisdiction in that behalf having been invoked in the action
above-mentioned, Mr. Betts should only be accorded recognition in his
capacity as receiver under the order of this court and as its admin-
istrator of property the disposition of which has thus become subject
to its direction. In this view of the case it is difficult to see how
the receiver can be heard to urge against the attachment an objec-

tion which, if valid, also shows that his own appointment as receiver in this state is a nullity. His appointment here was made in an action brought against the defendant corporation, and in which it appeared by attorney, some three weeks after, as the receiver now claims, it had ceased to exist. The receiver is bound to establish the legality of the official status he claims to possess before he can be heard to attack the attachment, and if the assault is made on grounds which also demonstrate the infirmity of his own title, his application must be denied, not because the attachment is good, but because he cannot be heard to assail it. But it is urged that, assuming the appointment of Mr. Betts as receiver in this state was a nullity, he still had sufficient status here, by virtue of his appointment by the Connecticut court, to entitle him to make this motion. The title of a foreign receiver to assets in this state rests upon the principle of comity, and is sustained against all except domestic creditors. Mabon v. Electric Co., 156 N. Y. 196, 201, 50 N. E. 805. While, then, such a receiver cannot be heard to assert any paramount right to the property here as against an attaching creditor on the ground that his receivership antedates the attachment, I see no reason why he may not appeal to our courts to vacate any such attachment under which a levy has been made on the ground that it had been unlawfully issued, and the attaching creditor had, therefore, acquired no right whatsoever in or to the property by virtue of process which was void in its inception. Subject to the superior rights which domestic creditors may have acquired, a foreign receiver may reduce to possession all the property of the corporation in this state, and to that end may appeal to our courts, which as is said in Mabon v. Electric Co., supra, "regard a foreign receiver as representing the original owner, and open their doors to him as they do to a domestic receiver."

In the present case, assuming for the purposes of argument that he may be permitted to impeach the validity of his appointment as receiver by this court, and stand exclusively upon the original appointment under the Connecticut decree, it becomes necessary to consider the further question raised by the plaintiff affecting the validity of that decree. It is claimed that it appears from the record as well as aliunde that the court was without jurisdiction to render it. Of course, if that be the case, the defendant corporation has not been dissolved, and the receivership provided for in such decree is a nullity. In this state the power of the court to dissolve a corporation depends entirely upon statute. Osborn v. Montelac Park, 89 Hun, 167, 35 N. Y. Supp. 610, where it is said (page 170, 89 Hun, and page 611, 35 N. Y. Supp.) that:

"The court had no general jurisdiction on the dissolution of the corporation. Its power in that respect was derived solely from the statute, and, unless the complaint showed the jurisdictional facts, it had no power to act, and its decree was void."

And so it has been elsewhere held. Folger v. Insurance Co., 99 Mass. 267. In the absence of evidence to the contrary, it will be assumed that such also is the law in the state of Connecticut. The only evidence before me respecting the statute law of that state in regard to the question of jurisdiction is section 1942 of the General

Statutes of Connecticut. Although counsel for the receiver has referred to other statutory provisions in his brief, they have not been proven by affidavit, and I am therefore precluded from considering them. Section 1942 contains the following:

"The superior court in the county in which any corporation, organized under the laws of this state, has its principal place of business, may, as a court of equity, on the application of any of its stockholders, wind up its affairs and dissolve it, if said court shall find that said corporation has voted to wind up its affairs, or abandoned the business for which it was organized, and has thereafter neglected within a reasonable time or in a proper manner to wind up its affairs and distribute its effects among the stockholders."

The complaint shows that the defendant was a corporation chartered by the state of Connecticut, and located in the county of Hartford. It then proceeds as follows:

"(2) Said association has been and still is doing business in said Hartford, and is solvent, having sufficient assets to meet all its liabilities. (3) The plaintiffs are stockholders of said corporation, and own more than one-fourth of the capital stock of the same. (4) That it is for the interest of all of the stockholders of said corporation that said corporation should wind up its affairs, and be dissolved, and the interests of such stockholders and all of the creditors of said association will be best protected by such dissolution and the winding up of the affairs of said corporation."

Then follows a prayer for the dissolution of the defendant and the appointment of a receiver. The cause was unopposed, and proceeded to a final decree, which, after reciting the proceedings, and that, after an inquiry "into the facts stated in the complaint," the allegations therein were found to be true, adjudged the dissolution of the defendant and the appointment of a receiver. It will be observed that the section of the General Statutes of Connecticut above quoted, which defines the jurisdiction of the court to pronounce a dissolution, was radically departed from. The complaint did not state, nor did the court find, that there had been any vote of the stockholders to wind up its affairs, nor did it appear that the defendant had abandoned its business, and had thereafter neglected within a reasonable time, or in a proper manner, to wind up its affairs. It is thus plain upon the statute before me that the court had no power to pronounce the decree it did, and, as it had no jurisdiction in the matter except as the statute conferred it, it follows that the attempted dissolution of the corporation was not accomplished. There can be no doubt about the power of this court to inquire into the jurisdiction of the Connecticut court to render the judgment in question. In re Kimball, 155 N. Y. 62, 68, 49 N. E. 331; Folger v. Insurance Co., 99 Mass. 267, 276. In view of the above considerations, which lead to a denial of the motion, it is unnecessary to discuss the further ground advanced by the plaintiff in support of the attachment, namely, that, even though the defendant may have been dissolved, a suit may still be maintained against it in this state by a domestic creditor seeking to secure the payment of his debt out of corporate property in this state. So far as the law in this state is concerned, I have not been referred to any authority which seems to sustain this claim, especially when the action is brought after the dissolution, although the reasonableness of the thing seems to be

recognized by the court of appeals in Rodgers v. Insurance Co., 148 N. Y. 34, 42 N. E. 515. However, it is unnecessary, as I have said, to pass upon the question here. The dissolution of the defendant not having been established, it follows that the attachment issued and the judgment subsequently entered in this action are not open to the attack made upon them, and the motion must therefore be denied.

Motion denied, with $10 costs.