(38 Misc. Rep. 305.)

#### BUCKINGHAM et al. v. SCHUYLKILL PLUSH & SILK CO.

#### In re O'DONNELL.

(Supreme Court, Special Term, New York County. June, 1902.)

1. BANKRUPTCY—PROOF OF DEBT.
      Where a creditor is maintaining in a state court an attachment against the property of his debtor, the debt is not provable in bankruptcy proceedings against the debtor.

2. SAME—PETITION.
      Where a creditor has brought attachment against his debtor, and is one of the three creditors who must petition that the debtor be adjudged a bankrupt within Bankr. Act § 59b, providing that, where there are more than twelve creditors, three must join in the petition to give the court jurisdiction in bankruptcy, the title of a trustee appointed for such bankrupt fails, as such attaching creditor is not entitled to prove his claim against the bankrupt, and is not competent to sign the petition.

3. SAME—JURISDICTION.
      The sufficiency of the number of creditors to petition in bankruptcy is a jurisdictional fact, which may be questioned in proceedings in a state court.

Action by Oliver W. Buckingham and others against the Schuylkill Plush & Silk Company. Thomas L. O'Donnell, trustee in bankruptcy of the defendant corporation, moved to vacate an attachment. Denied.

The plaintiffs above named commenced an action in the New York supreme court against the defendant on the 22d day of March, 1901, on account of goods sold and delivered, and on that date obtained an attachment in the sum of $2,425.54 against the defendant on the ground that it was a foreign corporation. Pursuant to that warrant, the sheriff of New York county levied on a stock of goods in the hands of Spielman & Co., valued at about $26,655, in which the defendant had an admitted equity of about $8,000. On the 29th day of March, 1901, a petition in involuntary bankruptcy was filed in the district court

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. §§ 100, 103.

of the United States for the Eastern district of Pennsylvania against
the Schuylkill Plush & Silk Company by Hamilton De Veer, Charles
W. Jacobs & Allison, and Abram Deronde & Co., all of New York
City. The corporation alleged to be bankrupt neither appeared nor
answered in the bankruptcy proceedings, which resulted in an adjudi-
cation in bankruptcy by the said district court on July 17, 1901. Sub-
sequently Thomas L. O'Donnell, of Pottsville, Pa., was appointed
trustee in bankruptcy by said court, and, after qualifying as such, he
made a motion in this court on November 11, 1901, to vacate an
attachment procured by Hardt, Von Bernuth & Co. That motion
was granted. From the order entered an appeal was taken to the ap-
pellate division of this court, which resulted in an affirmance of the
order. Hardt v. Silk Co., 63 App. Div. 615, 71 N. Y. Supp. 1137.
The trustee then made a motion to vacate the attachment procured by
these plaintiffs.

Roger Lewis, for the motion.
William B. Ellison and Arnold L. Davis, opposed.

BLANCHARD, J. This is an application by a trustee in bank-
ruptcy of the defendant for leave to intervene and to vacate an attach-
ment issued out of this court, and for the release from the said attach-
ment and the levy thereunder of the property affected thereby. This
action was commenced March 22, 1901, and an attachment issued on
that day, and levied on property of the defendant. Subsequently, and
on May 20, 1901, judgment was obtained by the plaintiff against the
defendant, and execution issued to the sheriff, who has not yet made
return thereof. Thereafter an action was commenced by Hamilton
De Veer against this defendant, in which a warrant of attachment
was issued to the sheriff of the county of New York, who, pursuant
thereto, made a levy upon property of the defendant in the county of
New York. Judgment was obtained in said action on June 17, 1901,
and an execution issued to the sheriff of New York county directing
him to satisfy the judgment out of the attached property. On May
10, 1901, a motion was made in this court on behalf of said Hamilton
De Veer to vacate a prior attachment theretofore issued out of this
court against this defendant, which motion was denied, and an order
entered thereon May 22, 1901. An appeal was taken by said De
Veer, but the order was affirmed by the appellate division at the June,
1901, term. On December 24, 1901, the sheriff was notified that said
warrant of attachment and execution were withdrawn. On July 17,
1901, this defendant was adjudicated a bankrupt in the district court
of the United States for the Eastern district of Pennsylvania upon the
petition of Hamilton De Veer and two other creditors. The defend-
ant interposed no answer to the petition. There being more than
twelve creditors, three creditors were necessary to join in the petition.
The plaintiffs, opposing this application, attack the adjudication in
bankruptcy, and hence the title of the trustee, claiming that the court
was without jurisdiction, in that three creditors whose debts were prov-
able in bankruptcy were necessary to adjudicate defendant a bankrupt,
and that, as Hamilton De Veer was maintaining a levy upon his attach-

ment in this court at the time he joined with two others in the petition to have defendant adjudicated a bankrupt, his debt was not provable in bankruptcy, and hence the court was without jurisdiction to make the adjudication. The plaintiffs may properly question the judgment of the district court of Pennsylvania. In re Kimball, 155 N. Y. 62, 49 N. E. 331; Hammond v. Association, 31 Misc. Rep. 182, 65 N. Y. Supp. 407, affirmed in 58 App. Div. 453, 69 N. Y. Supp. 585. The adjudication is not binding upon creditors who do not appear. In re Elmira Steel Co. (D. C.) 109 Fed. 456. By section 59b of the bankruptcy act, where, as here, there are more than twelve creditors, three creditors are required to join in the petition in order to give the court jurisdiction. The sufficiency of the number of creditors joining in the petition is a jurisdictional fact which may be questioned. In re Schenkein (D. C.) 113 Fed. 421; In re Burlington Malting Co. (D. C.) 109 Fed. 777. It has been decided that a creditor of an alleged bankrupt, who obtains an attachment, has, in substance and effect, a lien on the property until the attachment is vacated, or becomes null and void by the adjudication, and to such extent, and up to that period, must be deemed to have a preference, and therefore not a provable debt; and, the attachment not being surrendered, he has no standing to maintain a petition in involuntary bankruptcy. In re Schenkein, supra; In re Burlington Malting Co., supra. Hamilton De Veer having maintained his attachment in New York at the same time that he was a petitioning creditor in bankruptcy in the district court of Pennsylvania, and he being one of the three creditors necessary to confer jurisdiction upon that court, it follows, by virtue of the foregoing decisions, that the court was without jurisdiction to make the adjudication, and hence that the trustee's title must fail. The motion should be denied, with $10 costs.

Motion denied, with $10 costs.