THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VOLUNTEER RESCUE ARMY, INC., HATTIE MAY EBY and NATHANIEL F. EBY, Appellants, and Others, Defendants.

Second Department, June 30, 1941.

Leo Shapiro, for the appellants.

Oscar S. Mann, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General], for the respondent.

TAYLOR, J. This action was brought to procure a judgment vacating the charter of defendant Volunteer Rescue Army, Inc. (hereinafter called Volunteer), to annul its existence and to restrain the other defendants, its principals, from operations in the State of New York. Plaintiff pleads that Volunteer abused its corporate powers, has violated the laws of the State, and has, therefore, forfeited its charter and has incurred the liability of dissolution.

The appellants challenged the sufficiency of the complaint. They moved to dismiss it. (Rules Civ. Prac. rule 106.) The motion was denied in the order which is here for review. The appellants also challenge the jurisdiction of this court to entertain this action.

Reduced to its lowest terms, appellants' contention is that as there is no statutory provision for the involuntary dissolution of a religious corporation, this action in equity to dissolve it is not maintainable by the sovereign under whose laws defendant Volunteer was incorporated.

The complaint is lengthy in its well-pleaded allegations, here deemed admitted. These I will set forth only generally, in narrative form:

An order of the Supreme Court authorized the maintenance of this action. Volunteer is a corporation organized and existing under the laws of the State of New York (Religious Corp. Law, art. 8), which, on May 9, 1936, filed in the office of the clerk of the county of Kings its charter, which charter, by copy, is annexed to the complaint and specifies as the corporate objects only religious, charitable and eleemosynary purposes. The individual defendants are either officers, directors, trustees, managers, agents or representatives and are the principal persons managing Volunteer and responsible for the acts of which plaintiff complains. At the times pleaded and prior thereto, Volunteer was conducting and still conducts a business not authorized by or within the scope of its charter, violative thereof and of its by-laws and the laws of the State. It has used corporate funds ultra vires for personal advances to officers and others, has failed to keep proper books of account and minutes of its acts, has failed to hold proper elections and to permit its affairs to be properly administered and participated in

by persons claimed to be its members, has taken unto itself powers not contemplated and provided by its charter, its by-laws and the Religious Corporations Law, has practiced a fraudulent form of solicitation of moneys and other property from the general public, and has conducted its affairs so as to constitute and maintain a public nuisance detrimental to the public welfare and public interest.

In the balance of the lengthy allegations of the complaint, plaintiff pleads specifications of *ultra vires* and otherwise illegal acts of Volunteer and the other defendants, including fraudulent practices and deception of the general public. These allegations constitute in effect a bill of particulars of the general allegations of the complaint as set forth in the above narrative. There can be no doubt that the complaint, if its allegations are taken at their face, states facts which, if proved, would warrant the forfeiture of Volunteer's charter — in a proper proceeding or action.

The appellants contend that the Supreme Court lacks inherent power or jurisdiction to dissolve a religious corporation. They cite in support *Hitch* v. *Hawley* (132 N. Y. 212, 217); *Osborn* v. *Montelac Park* (89 Hun, 167); *Matter of Kaminsky* (251 App. Div. 132), and *Harosym* v. *St. John's Greek Catholic Church, etc.* (239 id. 563). These cases, when properly read in the light of their own facts, do not constitute authority for a ruling that this action in equity may not be maintained by the sovereign to obtain by judicial fiat the forfeiture of Volunteer's charter under the facts admitted here. In fact, the two cases last cited recognize the sole right of the Attorney-General to question the corporate existence of the given corporation.

The appellants further assert — and it is a fact — that the Legislature has omitted to prescribe statutory regulations to effectuate the dissolution of a religious corporation where, as here, there has been misuser of its franchise. As far as statutory authority to dissolve a religious corporation in involuntary proceedings is concerned, there is none. (See Gen. Corp. Law, § 130; Religious Corp. Law, § 18; Civ. Prac. Act, § 1217, subds. 1 and 2.) The effect of appellants' argument in this phase is that the State, which granted existence to Volunteer, is without remedy in the untoward and unlawful situation presented by the well-pleaded allegations of the complaint here admitted. As there is no wrong without a remedy, this contention is wholly unimpressive. A corporation is a creature of sovereign power. It owes its existence to the State. The latter having accorded that existence may take it away if there has been, as here, a disregard or perversion of its corporate purposes. Manifestly, due process must characterize

the State's attempt to wrest Volunteer's charter from it. This action in equity is the proper vehicle for the lawful accomplishment of that purpose.

The complaint states facts sufficient to constitute a cause of action. (19 C. J. S. Corporations, § 1651; *Denike* v. *N. Y. and R. Lime, etc., Co.,* 80 N. Y. 599, 605; *People* v. *Williamsburg Turnpike and B. Co.,* 47 id. 586, 592; *Harosym* v. *St. John's Greek Catholic Church, etc., supra; Matter of Kaminsky, supra.*) The Supreme Court has jurisdiction of this action. The order appealed from is right and should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, ADEL and CLOSE, JJ., concur.

Order denying defendants' motion to dismiss the complaint, under rule 106 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon.