■ In the Matter of COMMUNITY BIBLE CHURCH, INC., Respondent, v PINE WOODS UNION CHURCH ASSOCIATION, INC., Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Lee, Jr., J.), entered November 10, 1986 in Madison County, which granted petitioner's application, in a proceeding pursuant to Religious Corporations Law § 18 to judicially dissolve respondent and to direct conveyance of respondent's real and personal property to petitioner.

Respondent was incorporated in 1941 pursuant to the Membership Corporations Law. Thereafter, services were apparently held at the Pine Woods Church, which was respondent's principal asset, situated in the Village of Pine Woods, Madison County. The record is unclear as to the current status of the church. Petitioner maintains that religious services have not been held there for some 20 years. The answer, and supporting papers thereto, to the petition, attested to by a descendant of an original incorporator and trustee of respondent, indicates waning but continued use of the church property throughout the years, including a wedding held there as recently as 1979.

Believing the Pine Woods Church to be dormant and that the interests of respondent and that of the cause of religion would be promoted by founding and continuing a church in the village, petitioner, of which Reverend Clarence William Hafelin is president and chairman of the board of trustees, was incorporated under Religious Corporations Law article 9 in May 1986. None of petitioner's incorporators have had any previous affiliation with the Pine Woods Church or its congregation, nor are they residents of that community.

Thereafter, petitioner initiated this proceeding pursuant to Religious Corporations Law § 18 to have respondent dissolved and its real and personal property transferred to petitioner. The petition was granted; respondent appeals, and we reverse.

Religious Corporations Law § 18 contemplates the filing of a petition for judicial dissolution of a religious corporation by

two groups: trustees and members of the church. It empowers "the supreme court * * * upon the application of a *majority of the trustees* * * * to order and decree a dissolution" and also envisions the filing of a petition by "a *majority of the members* of such religious corporation residing in such county" when there are *"no trustees* of such religious corporation residing in the county in which such corporation is located" (Religious Corporations Law § 18 [emphasis supplied]).

While the terms "trustee" and "member" are not statutorily defined, the former clearly is rooted in the elective process of the religious corporation (Religious Corporations Law §§ 192, 197) and a commonsense construction of the latter term proscribes including therein those who have had no previous connection whatsoever with the religious corporation. And although judicial gloss on Religious Corporations Law § 18 makes clear that a proceeding to involuntarily dissolve a religious corporation may also be maintained by the State *(see, People v Volunteer Rescue Army,* 262 App Div 237), the fact remains that however well intentioned petitioner may be, there is simply no authority, statutory or otherwise, permitting one like petitioner, who neither qualifies as a trustee nor as a member of respondent, to effect the latter's dissolution under the Religious Corporations Law.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.